McGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00226 DAD-BAM |
| Plaintiff, | STIPULATION TO CONTINUE HEARING ON MOTION TO SUPPRESS AND RESET BRIEFING SCHEDULE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| GABRIEL ZAMORA CHAVEZ, ET AL | |
| Defendant. | COURT: Hon. Dale A. Drozd |

This case is set for a hearing on Defendants' motion to suppress on June 29, 2020. The Government's opposition is due on June 15, 2020. The parties stipulate and request that the June 29, 2020 hearing be continued to July 13, 2020. Additionally, the parties hereby stipulate and mutually request the Court modify the current briefing schedule, setting the Government's opposition deadline to June 22, 2020, and the Defendant's reply deadline, if any, to July 8, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1

emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a hearing on Defendants' motion to suppress on June 29, 2020.

2. By this stipulation, the parties agree and request to continue the June 29, 2020 hearing to July 13, 2020. Additionally, the parties mutually stipulate and hereby request the Court set the Government's opposition deadline to June 22, 2020 and Defendants' reply deadline, if any, to July 8, 2020 under Local Code T4.

3. The parties mutually agree and stipulate, and hereby request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports and related documents, photographs, dispatch recordings, and other recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendant desires additional time to prepare for the hearing on the motion to suppress as court operations, client consultation, and other procedural alterations due to the COVID-19 pandemic has consumed a significant amount of time that was unanticipated.

   c) Additionally, due to COVID-19, Attorney Kinder has not returned full time from maternity leave, rendering her unavailable to appear for the presently set date to the detriment of her client Gabriel Chavez Zamora.

   d) Moreover, Attorney Moran must appear on June 29, 2020 in Tulare County, for a state court matter, *People v Natharan Giovanni Ruiz*, VCF 331304, this matter was statutorily set

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for jury trial on April 27th, 2020 and reset by the Court to June 29, 2020 without first clearing this date.

      e)      Counsel for defendants believe that the new date gives all parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

      g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from the date the Order is signed to July 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 15, 2020            McGREGOR W. SCOTT
                                         United States Attorney

                                         /s/ KIMBERLY A. SANCHEZ
                                         KIMBERLY A. SANCHEZ
                                         Assistant United States Attorney

Dated: June 15, 2020            /s/ JANAY KINDER
                                         JANAY KINDER
                                         Counsel for Defendant Zamora Chavez

Dated: June 15, 2020            /s/ AMANDA MORAN
                                         AMANDA MORAN
                                         Counsel for Defendant Aparicio

**ORDER**

IT IS SO ORDERED.

Dated:   **June 15, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE